ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Alenia North America, Inc. | ) ASBCA No. 57935 |
| | ) |
| Under Contract No. FA8504-08-C-0007 | ) |

APPEARANCE FOR THE APPELLANT:      Louis D. Victorino, Esq.
Sheppard Mullin Richter &
Hampton LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT:      Col Robert J. Preston II, USAF
Acting Air Force Chief Trial Attorney
Christine C. Piper, Esq.
Skye Mathieson, Esq.
Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE LOPES
ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The Department of the Air Force (Air Force or government) moves for summary judgment on the appeal of appellant Alenia North America, Inc., (Alenia or appellant), alleging that the government has unlimited rights or government purpose rights to aircraft technical publications (technical manuals) delivered by appellant to the Air Force. For the reasons stated below, we deny the motion for summary judgment.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 29 September 2008, the Air Force and Alenia entered into letter Contract No. FA8504-08-C-0007 for Alenia to provide eighteen refurbished G222 aircraft and sustainment support for the Afghanistan National Army Air Corps (ANAAC). The letter contract was definitized as Contract No. FA8504-08-C-0007-PZ0001 on 23 April 2009. (R4, tabs 1, 3, 6)

2. Neither the letter contract nor the definitized contract contained any FAR or DFARS data rights clauses (R4, tabs 1, 3). Specifically, neither the letter contract nor the definitized contract contained the DFARS 252.227-7013, RIGHTS IN TECHNICAL DATA – NONCOMMERCIAL ITEMS (NOV 1995) clause.

3. Contract Line Item No. 0006 of the contracts, entitled "TECHNICAL SUPPORT (PUBLICATIONS AND MANUALS)," required delivery of a set of technical manuals

with each aircraft, as specified in the Statement of Work (SOW) (R4, tab 1 at 5, tab 3 at 78, tab 6 at 171, § 1.1.2.15.1). Section 1.1.2.15.1 of the SOW established these publications as item A004 of the Contract Data Requirements List (CDRL). Block 9 of CDRL A004, "DIST STATEMENT REQUIRED", was marked "C", with the additional note that distribution was to be "described in the DI-TMSS-81670A." (R4, tab 2 at 46, tab 4 at 132) Distribution under Distribution Statement C is "Distribution authorized to US Government agencies and their contractors" (R4, tabs 2, 4).

4. The SOW required Alenia to "provide rights and data for hardware…as necessary to operate[,] maintain and support the G222…aircraft" (R4, tab 6 at 176).

5. According to Alenia, the first aircraft and accompanying technical manuals were delivered in September 2009, and as of April 2012, 17 additional aircraft, each with a set of technical manuals had been delivered (compl. ¶ 16). Each technical manual contained the following restrictive marking:

> The content of this publication is intellectual property of Alenia Aeronautica S.p.A., a Finmeccanica Company. It must not be used for any purpose other than for which it is supplied. It must not be disclosed to unauthorized persons or reproduced without written authorization from the owner of the copyright. C 2009 Alenia Aeronautica S.p.A – A Finmeccanica Company. All rights reserved.

(Compl. ¶ 14)

6. On 20 April 2011, the Air Force contracting officer sent Alenia a letter objecting to the restrictive marking. The letter stated that it "serves to advise ANA [Alenia] that the USAF asserts Government Purpose Rights to technical data. T.O.s [technical manuals] were purchased for the express purpose of maintaining the G-222 aircraft and supporting equipment and were developed for the USAF in support of [the] subject contract in accordance with DoD specifications." The letter also stated that: "The Government will not request authorization from ANA for actions taken to accomplish maintenance within the parameters of Government Purpose Rights. Should ownership of the G-222 fleet transfer, Government Purpose Rights and/or Unlimited Rights in Technical Data will transfer with the fleet." (R4, tab 27)[1]

7. On 23 May 2011, Alenia replied to the Air Force, stating that it did not agree with the government's assertion of Government Purpose Rights, and provided

---

[1] The Board previously determined that the contracting officer's 20 April 2011 letter was a government claim under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109. *See Alenia North America, Inc.*, ASBCA No. 57935, 13 BCA ¶ 35,296 at 173,268.

2

background and supporting facts and argument for its view that "there is no basis by which the USAF can claim Government Purpose Rights." Alenia concluded that it considered the restrictive marking to be fully consistent with the contract. (R4, tab 28 at 623, 628)

8. In July and August 2011, the Air Force sent letters to Alenia, notifying Alenia that it required an additional 30 and 60 calendar days, respectively, to respond to what it characterized as Alenia's "challenge letter dated 23 May 2011" (R4, tabs 29, 30). On 29 August 2011, Alenia replied to the Air Force, stating that, "It seems apparent from the parties' correspondence to date that the propriety of the Alenia data markings are in dispute" (R4, tab 31).

9. On 21 October 2011, the Air Force contracting officer sent a final decision to Alenia, stating that "the Government has the right to review, verify, challenge and validate restrictive markings" and that "[t]he applicable FAR clauses, whether or not specified in the contract, are nonetheless included in the contract by virtue of the Christian Doctrine." The contracting officer stated that the government considered unlimited government rights to be the precise purpose for which the intellectual property was supplied. (R4, tab 32 at 632) The contracting officer further stated that the technical manuals are for maintenance and training purposes and did not exist prior to contract award. Further, pursuant to FAR 27.404-1(c), the government has unlimited rights to the technical manuals because they were provided to the government for maintenance and training purposes. (*Id.* at 633) The contracting officer also stated that Alenia failed to identify the technical manuals as restricted data in its contract proposal, and that Alenia's restrictive marking on the technical manuals is in direct conflict with Distribution Statement C included in the contract CDRLs (*id.*). The contracting officer decided, in accordance with DFAR 252.227-7037, that data supplied under the contract shall contain only Distribution Statement C and directed Alenia to "remove their current restrictive statement from technical manual deliverables which have been or will be delivered on the subject contract" (*id.* at 634).

10. On 13 January 2012, Alenia filed this appeal.

DECISION

The Parties' Arguments

This motion for summary judgment seeks to deny Alenia's appeal because the government contends that, as a matter of law, it is entitled to unlimited rights or government purpose rights in the technical manuals (gov't mot. at 3).

The Air Force argues that the holding in G.L. *Christian & Associates v. United States*, 312 F.2d 418 (Ct. Cl. 1963), *reh'g denied*, 320 F.2d 345, *cert. denied*, 375 U.S.

954 (1963), often referred to as the Christian doctrine, and subsequent cases following the Christian doctrine require us to read the clause at DFARS 252.227-7013, RIGHTS IN TECHNICAL DATA – NONCOMMERCIAL ITEMS (NOV 1995) (noncommercial data rights clause) into the contract (gov't mot. at 3). The Air Force argues that under the noncommercial data rights clause, the government is entitled to unlimited rights in technical data that constitutes form, fit and function data or that constitutes operations, maintenance, installation and testing (OMIT) data (*id.*). The Air Force believes that the technical manuals are form, fit and function data or OMIT data, and therefore that the government has unlimited rights in the technical manuals (*id.*).

In the alternative, the Air Force argues that 10 U.S.C. § 2320, and DFARS regulations implementing this statute, provide a basis for the government having unlimited rights in the technical manuals, again because the manuals are form, fit and function data or OMIT data (gov't mot. at 3, 32).

The Air Force further argues that it is entitled to unlimited rights in the technical manuals because the manuals were not properly marked in accordance with the marking instructions and the prescribed marking legends of the noncommercial data rights clause (gov't mot. at 3, 28).

The Air Force also argues that Distribution Statement C contained in the contract CDRLs grants the government, at a minimum, government purpose rights in the technical manuals (gov't mot. at 3, 36).

Alenia argues that the noncommercial data rights clause is not read into the contract by the Christian doctrine, and even if it is, the noncommercial data rights clause is not self-executing and does not grant the government unlimited rights in all data included in the technical manuals (app. resp. at 9, 10, 15, 19, 21). Alenia also argues that if the noncommercial data rights clause had been included in the contract, Alenia would have specifically negotiated license rights for the technical manuals; or negotiated the delivery of more limited technical manual content; or would not have entered into the contract (app. resp. at 7, 21, attach. 1, Schreiber decl. ¶ 18, attach. 2, Hood decl. at 1, ¶ 4). Alenia contends that if the contract had permitted the government to disclose the technical manuals to third parties not approved by Alenia, Alenia would have negotiated the content of the technical manual to remove sensitive data (app. resp. at 7).

Alenia additionally argues that through the conduct of the parties during contract negotiations and performance, the Air Force and Alenia impliedly agreed to a special rights license that limits the government's use of the technical manuals in accordance with Alenia's restrictive marking on the technical manuals (app. resp. at 24).

4

## Summary Judgment Standard

Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The moving party bears the burden to show the absence of any issue of material fact. We resolve any significant doubt over factual issues, and draw all reasonable inferences, in favor of the party opposing summary judgment. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987). There is a genuine issue of material fact if a reasonable fact-finder could find in favor of the nonmovant based upon the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *AshBritt, Inc.*, ASBCA Nos. 56145, 56250, 09-2 BCA ¶ 34,300 at 169,434.

As discussed below, the record is replete with genuine issues of material fact, which we need only address summarily in denying the motion.

We consider whether the moving party – the Air Force – has met its burden to show the absence of any issue of material fact. We determine that the Air Force has not met its burden.

The Air Force and Alenia disagree over whether each or all of the technical manuals, or segregable parts thereof, are form, fit and function data or OMIT data. The Air Force asserts that the aircraft manuals are, on their face, form, fit and function data and OMIT data (gov't reply br. at 3). We understand the Air Force's argument to be that the entireties of the technical manuals are form, fit and function data or OMIT data. Alenia asserts that the noncommercial data rights clause, even if read into the contract under the Christian doctrine, does not necessarily grant the government unlimited rights in all data included in the technical manuals (app. resp. at 9). Alenia argues that the technical manuals are not inherently form, fit and function data or OMIT data, and that the parties must address the data content (of the technical manuals) to define the scope of these terms in view of the technical manuals contents (app. resp. at 22-23).

Therefore, the record shows that the Air Force and Alenia disagree over whether the technical manuals are form, fit and function data or OMIT data. Resolving any significant doubt over this factual issue, and drawing all reasonable inferences, in favor of Alenia, the Board determines that there is a genuine issue of material fact concerning whether each or all of the technical manuals, and segregable parts thereof, are form, fit and function data or OMIT data.

5

The Air Force and Alenia also disagree over whether each or all of technical manuals, or segregable parts thereof, were developed exclusively with government funds, exclusively at private expense or with mixed funding. The Air Force contracting officer stated that:

> [T]he USAF asserts Government Purpose Rights to technical data. T.O.s [technical manuals] were purchased for the express purpose of maintaining the G-222 aircraft and supporting equipment and were developed for the USAF in support of subject contract in accordance with DoD specifications....

> ....

> ...Should ownership of the G-222 fleet transfer, Government Purpose Rights and/or Unlimited Rights in Technical Data will transfer with the fleet....

(SOF ¶ 6) Alenia contends that the technical manuals were developed without any government funds, are confidential and proprietary to Alenia, and that the government is entitled only to the rights specified in the restrictive legend on the technical manuals (compl. ¶ 32). According to Alenia, the technical manuals were in existence and in use at the time of award of the contract (app. resp. at 3, ¶ 2). Alenia disagrees that the Air Force has government purpose rights in the technical manuals and considers its restrictive legend on the technical manuals to be fully consistent with the provisions of the contract (R4, tab 28 at 623, 628).

Therefore, the Air Force and Alenia disagree over whether each or all of the technical manuals, or segregable parts thereof, were developed exclusively with government funds, exclusively at private expense or with mixed funding. Resolving any significant doubt over this factual issue, and drawing all reasonable inferences, in favor of Alenia, there is a genuine issue of material fact concerning whether each or all of the technical manuals, or segregable parts thereof, were developed exclusively with government funds, exclusively at private expense or with mixed funding.

## CONCLUSION

As there are disputed issues of material facts, the Air Force's motion for summary judgment is denied.

Dated: 7 August 2014

CRANE L. LOPES
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 57935, Appeal of Alenia North America, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7